was that the transaction was with another corporation, and it appeared that the goods were ordered by the defendant's president at the office of the Illinois corporation, which accepted and used such goods, a finding of the jury that the transaction was with the Illinois corporation was not manifestly against the weight of the evidence.

2. APPEAL AND ERROR, § 573*—*when exception is necessary to preserve right of appeal.* A defendant who does not specifically except to a portion of an oral charge cannot complain of it on appeal.

3. INSTRUCTIONS, § 81*—*when instruction is erroneous as unduly emphasizing facts.* In an action for goods sold to a corporation, where the defense was that the transaction was with another corporation, an instruction that the jury could consider that the contract was made at the office of the Illinois corporation was erroneous, since the court had no right to single out certain portions of the evidence bearing on a controverted question of fact and tell the jury to consider them; but the error was harmless where it appeared that under the facts a new trial would not change the result.

4. SALES, § 330*—*when instruction as to implied contract is proper.* In an action for goods sold to an Illinois corporation, where the defense was that the transaction was with another corporation, an instruction based on the theory that the goods were accepted and used by the defendant *held* not erroneous as against an objection that there was no evidence to support it.

5. INTEREST, § 6*—*when allowed.* In an action for goods sold on a written order, the sale being for cash and for a certain and definite sum, due at a specified time, the plaintiff was entitled to interest regardless of the question whether there had been an unreasonable and vexatious delay of payment of the money due.

---

## Charles Blodgett, Appellant, v. George W. Nevius, Appellee.

### Gen. No. 19,877.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN A. DOWDALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 19, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action on the case by Charles Blodgett against George W. Nevius and Laird W. Nevius, as copartners, for alleged malpractice in extracting a tooth, whereby a fracture of the jaw resulted. At the close of the evidence the plaintiff discontinued the suit as to the defendant Laird W. Nevius. A verdict was rendered finding the defendant not guilty, motion for a new trial was overruled, judgment followed and the plaintiff appealed.

ELMER D. BROTHERS, CLYDE C. COLWELL and EMERY S. WALKER, for appellant.

ROBERT J. FOLONIE, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 474*—*when objection is necessary to preserve right of review.* A plaintiff cannot complain on appeal of improper and prejudicial remarks of the defendant's counsel in his closing argument when the record shows that no objection was made to the same and that the court's attention was not called to the remarks.

2. DENTISTS, § 3*—*what instructions are proper in action for malpractice.* In an action for alleged malpractice in extracting a tooth, instructions announcing familiar rules of law as to the degree of skill and care required of dentists but not directing a verdict or undertaking to state what facts would constitute negligence, cannot be considered erroneous.

3. DENTISTS, § 3*—*when burden of proof rests on plaintiff.* In an action for alleged malpractice in extracting a tooth, whereby a fracture of the jaw resulted, the burden rested on the plaintiff to show want of care or skill in the treatment, and that the bad result following the treatment was the result of such want of care and skill, and no presumption that the defendant was unskilful or negligent would follow from the mere fact that the jaw was fractured and that the plaintiff was otherwise injured.